IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHESTER ROMAIN MOSLEY, II,

    Plaintiff,                                 No. CIV S-08-2473 FCD GGH P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.                     <u>FINDINGS & RECOMMENDATIONS</u>

                                       /

            Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

            Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The gravamen of plaintiff's complaint against the two defendants, Governor Schwarzenegger and Attorney General Brown, is that his 25year-to-life sentence pursuant to the Three Strikes law is cruel and unusual punishment in violation of the Eighth Amendment.

Complaint, p. 3. Plaintiff alleges that the lengthy sentence for him, a 52-year-old inmate (as well as for "many others"), is "tantamount to a death penalty." Id. He alleges that he is subjected to a form of psychological torture by knowing that he will "expire in prison," and that the long sentences, for offenses that carry 16-month, 2-year or 3-year maximum terms, in combination with prison overcrowding "at epidemic proportions, which creates tension and unsafe environs ... as well as increased exposure to disease," force him and others in his situation to live indefinitely with psychological and emotional suffering, including being "in constant depression." Id. Plaintiff seeks declaratory and injunctive relief, asking, inter alia, that all Three-Strike lifers be re-sentenced to the maximum statutory terms [of the offenses for which they are convicted] and that they be allowed "a choice of lethal injection in lieu of serving a life term." Id., at 4. Plaintiff suggests that this latter provision would lower the state's costs to maintain life prisoners and remedy prison overcrowding. Id., at 5.

> [Section] 1983 must yield to the more specific federal habeas statute with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. See Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827 [] (1973). Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983. Ibid. By contrast constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance. See Muhammad v. Close, 540 U.S.749 , 750, 124 S.Ct. 1303, 1304 [] (2004) (per curiam); Preiser, supra, at 498-499, 93 S. Ct. 1827.

Nelson v. Campbell, 541U.S. 637, 643, 124 S. Ct. 2117, 2122 (2004).

Plaintiff's allegations on their face appear to be an attempt to circumvent the requirements for proceeding under 28 U.S.C. § 2254. However, no matter how plaintiff seeks to frame the claim(s) herein, plaintiff essentially challenges "the fact of his conviction or the duration of his sentence," claims which "fall within the core of habeas corpus and are...not cognizable when brought pursuant to § 1983." Id. To challenge the constitutionality of the length of his sentence, plaintiff must proceed, if at all, by way of § 2254.

Because this court cannot discern any manner by which plaintiff could cure the defects of this complaint, the undersigned must recommend summary dismissal of this action.

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988), quoting Noll [v. Carlson], 809 F.2d 1446, 1448 (in turn, quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); accord Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987). Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend.") See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). This appears to be one of those relatively rare cases when to grant plaintiff further leave to amend would be patently futile.

For the reasons set forth above, this court finds that plaintiff's complaint is wholly frivolous, with defects for which no amount of amendment could provide a cure, and for which the undersigned must recommend dismissal with prejudice.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request to proceed in forma is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

IT IS HEREBY RECOMMENDED that plaintiff's complaint be summarily dismissed without prejudice and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 3, 2008

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
mose2473.bnf